**Charles T. SURGEON, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 05–3905–cv.**

United States Court of Appeals, Second Circuit.

June 21, 2006.

---

Charles T. Surgeon, pro se, New York, New York, for Appellant.

Karen T. Callahan, Special Assistant United States Attorney (Varuni Nelson, Kathleen A. Mahoney, Assistant United States Attorneys, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. REENA RAGGI, Circuit Judges. Hon. PAUL A. CROTTY, District Judge.[1]

## SUMMARY ORDER

*Pro se* plaintiff Charles T. Surgeon appeals from the district court's award of judgment on the pleadings in favor of the Commissioner of Social Security ("Commissioner"). Surgeon argues that the Commissioner erred in concluding that he was not under a disability from December 31, 1981 to February 5, 1985.[2] We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

In reviewing a decision by the Commissioner to deny Social Security disability benefits, we review *de novo* the administrative record to determine (1) whether there is substantial evidence supporting the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standard. See 42 U.S.C. § 405(g); *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir.2005). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir.2004) (quoting *Richard-*

---

1. The Honorable Paul A. Crotty, United States District Judge for the Southern District of New York, sitting by designation.

2. Pursuant to *Stieberger v. Sullivan*, 801 F.Supp. 1079 (S.D.N.Y.1992) and *Dixon v. Sullivan*, 792 F.Supp. 942 (S.D.N.Y.1992), aff'd, *Dixon v. Shalala*, 54 F.3d 1019 (2d Cir.1995), Surgeon was eligible to have his previously denied disability claims for these years readjudicated.

*son v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

To obtain federal disability benefits, a claimant must establish that he has a disability within the meaning of the Social Security Act. *See Shaw v. Chater,* 221 F.3d 126, 131 (2d Cir.2000). The term "disability" is defined by the Act, in relevant part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual can be found disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

A five-step sequential analysis is used to evaluate disability claims. *See* 20 C.F.R. §§ 404.1520 and 416.920. At the first step of this analysis, the Commissioner evaluates the claimant's work activity and determines whether the claimant has been engaged in "substantial gainful activity" during the period of alleged disability. *See id.* § 404.1520(b). If the claimant has been engaged in such activity, then he is not disabled. In determining whether a claimant has been engaged in substantial gainful activity, the Commissioner's "primary consideration will be the earnings . . . derive[d] from the work activity." *Id.* § 404.1574(a)(1). For the years between 1980 and 1989, monthly earnings that averaged more than $300 establish a rebuttable

presumption that the claimant was engaged in substantial gainful activity. *See id.* 404.1574(b)(2)(ii)(B). The claimant bears the burden of proving that he has not been engaged in substantial gainful activity during the period for which he is seeking benefits. *See generally Green-Younger v. Barnhart,* 335 F.3d 99, 106 (2d Cir.2003).

The record indicates that Surgeon's average monthly earnings derived from his work activity during the relevant time period were consistently well in excess of $300 per month. He earned $1,515 per month in 1982, $902 per month in 1983, and $2,327 per month in 1984. These facts give rise to a rebuttable presumption that Surgeon was consistently engaged in substantial gainful activity from December 31, 1981 to February 5, 1985. Surgeon directs our attention to no evidence in the record suggesting that this presumption was ever rebutted, and we have identified none in our own independent review of the record. Although the record does contain some evidence suggesting that Surgeon did not work for a period of time after March 22, 1983, as a result of an injury sustained while at work, he returned to work no later than December 1983.[3] This means that any injury he suffered in March 1983 did not render him disabled for "a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Accordingly, we conclude that because substantial evidence supports the ALJ's finding that Surgeon was engaged in substantial gainful activity during the relevant period, substantial evidence also supports the ALJ's determination that Surgeon was not under a disability during this period. Finally, although Surgeon does not argue

---

3. Surgeon asserted in an application for disability benefits filed on August 28, 1983 that he had earned $4,000 so far that year. He ended the year, however, with $10,826.96 in earnings. The need to account for this disparity supports the ALJ's conclusion that Surgeon returned to work at some point between August 1983 and December 1983.

to the contrary, we observe that the record contains no evidence suggesting that the ALJ applied an improper legal standard.

For the foregoing reasons, the judgment of the district court is AFFIRMED.