Maria C. FIGUEROA–PLUMEY, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

No. 10 Civ. 0471(VM).

United States District Court, S.D. New York.

Feb. 9, 2011.

Max D. Leifer, Law Offices of Max D. Leifer, P.C., New York, NY, for Plaintiff.

Leslie A. Ramirez–Fisher, United States Attorney's Office, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Maria C. Figueroa–Plumey ("Figueroa") brings this action seeking review of the final determination by the Commissioner of Social Security ("Commissioner") that Figueroa is not entitled to disability insurance benefits under the Social Security Act ("Act"), 42 U.S.C. § 405(g) ("Section 405(g)"). The Commissioner now moves for judgment on the pleadings and Figueroa cross-moves for judgment on the pleadings. For the reasons listed below, the Court GRANTS the Commissioner's motion and DENIES Figueroa's motion.

## I. BACKGROUND [1]

Figueroa filed an application for disability insurance benefits on December 21, 2006, alleging that she had been disabled as of September 22, 2006. The application was denied on March 22, 2007, and Figueroa filed a written request for an administrative hearing on April 16, 2007. A hearing was held on December 18, 2008, before Administrative Law Judge ("ALJ") Margaret L. Pecoraro. Figueroa appeared at the hearing with the assistance of counsel.

On examination by her attorney, Figueroa testified that she was working three days per week as a dental assistant. Earnings records confirmed that Figueroa was employed by Edwin J. Weinfeld, D.D.S. ("Weinfeld") in 2008. Figueroa reported that she saw approximately "[f]ive to six patients" per day and that between patients she would "lay on the chair and relax for a little bit." (R. 20, 21.) If no patients came into the office, Figueroa would "[s]it and relax." (R. 20.) Figueroa explained that she needed to rest between patients because she suffers from pain in her ankle, leg and lower back stemming from an injury she sustained in 2002. On an average day, she "worked physically" for "five to six hours." (R. 20.) On examination by the ALJ, Figueroa testified that previously she had been out of work for a twelve-month period, but she was unable to recall the exact dates.

At the conclusion of the hearing, the ALJ directed Figueroa to submit within thirty days a brief and any supporting evidence establishing (1) why Figueroa's employment did not constitute substantial gainful activity ("SGA") as defined in the Act and (2) the twelve-month period in which she did not work. By letter dated January 9, 2009, Figueroa argued that her employment did not establish her ability to engage in SGA because it was performed under special conditions to accommodate her pain. Figueroa also submitted a document from the New York State Department of Labor titled "Unemployment Insurance Monetary Benefit Determination" ("Benefit Determination"), which she claimed established that she was out of work from September 25, 2006, to September 30, 2007.

By written decision dated March 26, 2009, the ALJ found that Figueroa was not disabled as defined in the Act. The ALJ determined that Figueroa's earnings records established that she had engaged in SGA in 2006, 2007 and 2008. The ALJ credited Figueroa's testimony that at times she relaxed at work, but the ALJ rejected the conclusion that those periods of relaxation constituted special conditions of employment. Instead, the ALJ found, "less hectic time periods" at work "are part of [Figueroa's] regular routine" and are unrelated to any alleged disability.

1. The facts below are taken from the administrative record ("Record" or "R.") filed by the Commissioner. Except where necessary, no further citations to the Record will be made.

(R. 12.) Further, the ALJ found that there had been no twelve-month period in which Figueroa did not work. Although the Benefit Determination covered the period from September 25, 2006, to September 30, 2007, Figueroa had previously reported self-employment earnings from that period and admitted at the hearing that she worked in 2007 as a telemarketer. The ALJ also noted that, by filing a claim for unemployment benefits, Figueroa had certified that she was ready, willing and able to work, which contradicted her present claim of inability to work. Based upon all of the evidence, the ALJ concluded that Figueroa was not disabled as defined in the Act. The Appeals Council, by letter dated November 20, 2009, denied Figueroa's request for review, rendering the decision of the ALJ the final decision of the Commissioner.

Figueroa brought this action on January 20, 2010. After the Commissioner filed the Record, he moved for judgment on the pleadings, and Figueroa cross-moved for judgment on the pleadings.[2] Figueroa contends that the ALJ erred in (1) finding that Figueroa's work as a dental assistant constituted SGA; (2) finding that Figueroa's work as a dental assistant was not performed under special conditions; (3) failing to consider Figueroa's alleged physical or mental impairments; and (4) failing to consider Figueroa's personal circumstances, which required her to work.

## II. DISCUSSION

### A. *STANDARD OF REVIEW*

■ Section 405(g) provides that "findings of the Commissioner of Social Securi-

ty as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Alston v. Sullivan,* 904 F.2d 122, 126 (2d Cir.1990) ("Where there is substantial evidence to support either position, the determination is one to be made by the factfinder."). A fact is supported by substantial evidence when the supporting evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

■ In reviewing the ALJ's determination of disability and subsequent denial of benefits, the Court is not to review the case de novo; " 'it is limited to inquiring into whether the [Commissioner]'s conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard.' " *Beauvoir v. Chater,* 104 F.3d 1432, 1433 (2d Cir.1997) (*quoting Cruz v. Sullivan,* 912 F.2d 8, 11 (2d Cir.1990)).

### B. *DISABILITY DETERMINATION*

"Disability" is defined in the Act as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Furthermore, an individual may be found disabled "only if his physical or mental impairment or impair-

---

**2.** The Commissioner submitted Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings, dated October 4, 2010, and Memorandum of Law in Opposition to Plaintiff's Motion for Judgment on the Pleadings and in Further Support of Defendant's Motion for Judgment on the Pleadings, dated November 15, 2010. Figueroa submitted Plaintiff's Memorandum of Law in Support of Her Cross—Motion for Judgement [sic] on the Pleadings and in Opposition to Defendant's Motion for Judgement [sic] on the Pleadings ("Figueroa Mem."), dated October 25, 2010.

ments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

To determine whether an individual is disabled under the Act, an ALJ must employ the five-step assessment for the adjudication of disability claims contained in 20 C.F.R. §§ 404.1520(a)(4) and 416.920. *See Shaw v. Chater,* 221 F.3d 126, 132 (2d Cir.2000); *DeChirico v. Callahan,* 134 F.3d 1177, 1179 (2d Cir.1998). The steps, as provided for under 20 C.F.R. §§ 404.1520(a)(4) and 416.920, are:

(1) The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

(2) If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

(3) If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

(4) If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

(5) If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. *Shaw,* 221 F.3d at 132.

If at any step, the Commissioner can make a finding that the claimant is disabled or not disabled, he must do so and the process need not continue. *See* 20 C.F.R. § 404.1520(a)(4). If the Commissioner cannot make such a determination, then he must continue to the next step. *Id.* The burden of proving the first four steps falls on the claimant. *Id.*

## C. APPLICATION

Upon review of the Record and the parties' submissions, the Court is persuaded that substantial evidence supports the Commissioner's determination that Figueroa is not disabled as defined in the Act because she was engaged in SGA that was not performed under special conditions.

### 1. Substantial Gainful Activity

Figueroa contends that her work as a dental assistant did not rise to the level of SGA. SGA refers to work that involves "significant physical or mental duties" and is performed "for pay or profit." 20 C.F.R. § 404.1572(a), (b). Work may qualify as SGA "even if it is . . . part-time." *Id.* § 404.1572(a). In determining whether work constitutes SGA, the "primary consideration" is the claimant's earnings. *Id.* § 404.1574(a)(1). The Commissioner has established a threshold level of earnings that ordinarily show that the employee engaged in SGA. *See id.* § 404.1574(b)(3). For 2008, the threshold was $940 per month. *Burnett v. Astrue,* No. 10 Civ. 0105, 2010 WL 3853078, at *4 (C.D.Cal. Sept. 29, 2010). Figueroa bears the burden of establishing that she was not engaged in SGA. *See* 20 C.F.R. § 404.1512(a).

Substantial evidence supports the Commissioner's determination that Figueroa was engaged in SGA. Figueroa testified that she was employed three days per week as a dental assistant for Weinfeld. The Record establishes that Weinfeld paid Figueroa $5,360 in the first quarter of 2008, $7,506 in the second quarter of 2008, and $7,722 in the third quarter of 2008, Figueroa's wages averaged $2,288 per month, well above the threshold level of $940 per month established for 2008. *See Surgeon v. Barnhart*, No. 04 Civ. 4224, 2005 WL 1397172, at *5 (E.D.N.Y. June 14, 2005) (finding that claimant had engaged in SGA where earnings were above relevant threshold), *aff'd*, 190 Fed.Appx. 37 (2d Cir.2006).

Figueroa does not dispute her earnings, but she argues that the ALJ failed to consider that Figueroa (1) "was only able to see a very limited number of patients"; (2) "had to take frequent rest periods"; and (3) was "paid for time she could not work." (Figueroa Mem. at 5.) First, Figueroa's testimony established only that she saw five to six patients per day. That testimony does not establish that the number of patients Figueroa saw was "limited" relative to other dental assistants, or that the number of patients she saw was related to her alleged disability. Second, as to the "rest periods," the ALJ considered that Figueroa would relax when Weinfeld had no patients and concluded that such breaks were part of Figueroa's regular work routine and unrelated to any impairment she might have. Third, although Figueroa testified that at times Weinfeld paid her even though she had not worked, she did not provide any details of this arrangement that could overcome the presumption, raised by her earnings, that she engaged in SGA. The Court therefore finds that Figueroa's contentions are not supported by the Record and do not disturb the Court's conclusion that substantial evidence supported the Commissioner's finding that Figueroa engaged in SGA.

### 2. *Special Conditions*

■ Figueroa also contends that her work as a dental assistant was not SGA because it was performed under special conditions. Work done under "special conditions" may not qualify as SGA. *See* 20 C.F.R. § 404.1573(c). Examples of special conditions include:

(1) You required and received special assistance from other employees in performing your work;

(2) You were allowed to work irregular hours or take frequent rest periods;

(3) You were provided with special equipment or were assigned work especially suited to your impairment;

(4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;

(5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or

(6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

*Id.* Figueroa bears the burden of establishing that she was employed under special conditions such that her work did not constitute SGA. *See id.* § 404.1512(a).

The Court finds substantial evidence in the Record to support the Commissioner's determination that Figueroa did not work under special conditions. As an initial matter, the ALJ correctly found that Figueroa did not work in an institutional program such as "a sheltered workshop [for disabled workers] or as a patient in a hospital," *See id.* § 404.1573(c). Nor did Figueroa establish that any of the six con-

siderations described in § 404.1573(c) are met. First, there is absolutely no evidence that Figueroa required or received special assistance from other employees in performing her work. *See id.* § 404.1573(c)(1). Second, although Figueroa testified that she would "lay down on the chair and relax" at times (R. 21), her testimony did not establish that those breaks were rest periods designed to accommodate her impairment. *See* 20 C.F.R. § 404.1573(c)(2). Rather, she explained that she took breaks between patients. The ALJ's determination that Figueroa's breaks reflected "less hectic time periods" (R. 12) rather than special conditions of employment is supported by the Record. Third, Figueroa's testimony that she would rest her leg on a stool or the windowsill while attending to patients does not establish that she required "special equipment" to perform her duties. *See id.* § 404.1573(c)(3). Fourth, there is no suggestion that other persons helped Figueroa get to and from work. *See id.* § 404.1573(c)(4). Fifth, while Figueroa established that she attended to five to six patients per day, she did not establish that her rate was lower than that of other employees. *See id.* § 404.1573(c)(5). Finally, Figueroa's testimony that she was at times paid when she did not work does not establish that she was paid because of Weinfeld's concern for her welfare. *See id.* § 404.1573(c)(6).

■ Because Figueroa did not meet her burden at step one of establishing that she was not engaged in SGA, *see id.* § 404.1512(a), the ALJ properly made a finding that Figueroa was not disabled and was not required to proceed to step two to consider Figueroa's alleged impairments. *See id.* § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."); *id.* § 404.1520(b) ("If you are working and the work you are doing is

substantial gainful activity, we will find that you are not disabled regardless of your medical condition...."). Therefore, Figueroa's argument that the ALJ failed to consider her physical or mental impairments is without merit.

■ Finally, Figueroa objects that the ALJ failed to consider that Figueroa is a single mother who "had to perform work" to support her son. (Figueroa Mem. at 6.) The Court is mindful of Figueroa's situation. However, in attempting to explain her actions, Figueroa effectively concedes that she is able to work. This concession undermines her claim of disability under the Act. *See* 42 U.S.C. § 1382c(a)(3)(B).

## III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 8) of defendant Michael J. Astrue for judgment on the pleadings dismissing the complaint of plaintiff Maria C. Figueroa–Plumey ("Figueroa") is GRANTED; and it is further

**ORDERED** that the cross-motion (Docket No. 11) of Figueroa for judgment on the pleadings is DENIED.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**